UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ZAMORA VARGAS,<br><br>  Plaintiff,<br><br>  v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>  Defendant. | Case No. 1:21-cv-00274-NODJ-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENY DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND REMAND CASE TO THE COMMISSIONER OF SOCIAL SECURITY [2]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 21, 24) |

Jesus Zamora Vargas ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability insurance benefits under the Social Security Act. (Doc. No. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 21, 24-25). For the reasons set forth more fully below, the undersigned recommends the district

---

[1] The Court has substituted Martin O'Malley, who has been appointed the Acting Commissioner of Social Security, as the defendant in this suit. *See* Fed. R. Civ. P. 25(d).

[2] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022). On December 4, 2023, due to the elevation of U.S. District Judge Ana I. de Alba to the Ninth Circuit Court of Appeals this case was reassigned to the No District Judge docket. As of the date of these Findings and Recommendation, this case has not yet be reassigned to a district judge.

court grant Plaintiff's motion for summary judgment, deny Defendant's cross-motion for summary judgment, and remand for further administrative proceedings.

## I.      JURISDICTION

Plaintiff protectively filed for disability insurance benefits June 28, 2018, alleging an onset date of January 15, 2018. (AR 186-92). Benefits were denied initially (AR 72-86, 103-07), and upon reconsideration (AR 87-102, 110-15). Plaintiff appeared before an Administrative Law ("ALJ") on January 22, 2020. (AR 44-71). Plaintiff was represented by counsel and testified at the hearing. (*Id.*). On February 26, 2020, the ALJ issued an unfavorable decision (AR 17-37), and on September 2, 2020 the Appeals Council denied review (AR 6-11). The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## II.     BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 54 years old at the time of the hearing. (AR 47). He completed sixth grade in Mexico. (AR 47). He lives with his wife. (AR 63). Plaintiff has work history as a commercial industrial cleaner and an alternator tester. (AR 51-57, 64-65). Plaintiff testified that he stopped working because of pain in his back, neck, shoulder, and feet. (AR 57). He reported his pain is always about a ten on a scale of one to ten, and medication does not help reduce the pain and makes him feel dizzy. (AR 57-58). Plaintiff testified that he could do an activity with his arms for 10 minutes before he has to take a break for 30 minutes; he can stand for 10-15 minutes before he has to sit down; he can walk for 15-20 minutes before he has to take a break; he can sit for 30 minutes before he has to change positions; and he can lift and carry 10 pounds. (AR 60-61). He reported difficulties with sleeping, attention, and concentration. (AR 61-62).

## III.    STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or

is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.   FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the

claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §

404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.   ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 15, 2018, the alleged onset date. (AR 22). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease, mild degenerative changes of the shoulders, and obesity. (AR 22). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 19). The ALJ then found that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b), except the claimant can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. He can occasionally balance, stoop, kneel, crouch and crawl. The claimant can constantly reach in all directions with the bilateral upper extremities with the only exception being occasionally overhead. He can have no exposure to cold temperature extremes or wetness.

(AR 24). At step four, the ALJ found that Plaintiff is capable of performing past relevant work as an alternator tester. (AR 31). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 15, 2018, through the date of the decision. (AR 33).

////

////

////

////

5

**VI.   ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's subjective complaints; and
2. Whether the matter should be remanded for further factual consideration based on a subsequent finding of disability as of February 27, 2020.

(Doc. No. 21 at 8-17).

**VII.   DISCUSSION**

**A. Symptom Claims**

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir.

2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for several reasons. (AR 25). Plaintiff argues the ALJ failed to provide specific, clear, and convincing reasons to reject his pain testimony. (Doc. No. 21 at 8-16). The Court agrees.

As an initial matter, the ALJ found Plaintiff's symptom claims are not consistent with the "overall evidence," the "primary reason" being that "objective medical records do not establish conditions that produced disabling limitations."[3] (AR 28-29). In support of this finding, the ALJ cites treatment notes and imaging studies showing lumbar and cervical degenerative disc disease; reduced range of motion of cervical and lumbar spine "along with tenderness and spasm"; "only intermittent" neurological deficits; consistently normal gait; reduced range of motion of the shoulder but also full range of motion at the consultative examination; and "only mild acromioclavicular and glenohumeral joint space loss " (AR 26-29, 309, 312-14, 316, 366-68, 371, 404, 406, 419, 726, 733, 739, 755, 772, 784, 791, 819, 841, 853, 868). However, regardless of whether the ALJ erred in finding Plaintiff's symptom claims were not corroborated by objective evidence, it is well-settled in the Ninth Circuit that an ALJ may not discredit a claimant's pain testimony and deny benefits *solely* because the degree of pain alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857 (emphasis added))); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). As discussed below, the additional reasons given by the ALJ for discounting Plaintiff's symptom

---

[3] The ALJ also noted "there is no evidence that any medical provider advised that the claimant experiences any disabling limitations. In fact, the consistent opinion of his treating provider is fairly consistent with the residual functional capacity herein." (AR 29). The ALJ may consider "the extent to which there are any conflicts between" Plaintiff's statements and statements by medical sources about how symptoms affect Plaintiff. 20 C.F.R. § 416.929(c)(4). Defendant contends that Plaintiff did not challenge this "finding." (Doc. No. 24 at 7-8). However, to the extent that the ALJ relied on the treating physician's modified work restrictions as a reason to discount Plaintiff's symptom claims, the reasoning was not supported by substantial evidence because while the ALJ identified consistency between the treating provider's opinion and the assessed RFC, the ALJ failed to explain how the limitations opined by Plaintiff's treating physician were inconsistent with Plaintiff's subjective complaints.

claims were not supported by substantial evidence.  Thus, because lack of corroboration by the objective evidence cannot stand alone as a basis for rejecting Plaintiff's symptom claims, the ALJ's finding is inadequate.

Next, the ALJ noted that, pursuant to Social Security Ruling ("SSR") 16-3p and 20 C.F.R. § 404.1529, he would consider the consistency of Plaintiff's symptom claims and the evidence of record according to "factors" including: daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication takes or has taken to alleviate pain or other symptoms; treatment, other than medication, received for relief of pain or other symptoms; any measures other than treatment used to relieve pain or other symptoms; and any other factors concerning Plaintiff's functional limitations and restrictions due to pain or other symptoms.  (AR 30); SSR 16-3, *available at* 2017 WL 5180304; 20 C.F.R. § 404.1529(a).

In considering these factors, the ALJ first generally noted that "[a] review of the record reflects no limitations in daily activities greater than those as reflected in the [assessed] residual functional capacity."  (AR 30).  The ALJ may consider a claimant's activities that undermine reported symptoms.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  However, the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day."  *Garrison*, 759 F.3d at 1016; *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her [testimony] as to her overall disability.").  Here, the only arguable support for the ALJ's finding is his summary of Plaintiff's testimony and reports in the record that he sits or lays down for 3-4 hours a day, does not cook or do household chores, does no yard work, takes short walks, handles his personal care, and drives himself to his appointments; and Plaintiff's wife's third party function report describing largely consistent limitations.  (AR 30, 61-64).  However, the ALJ did

not consider Plaintiff's testimony that he can only use his arms for 10 minutes before he needs a break, he can stand for 10-15 minutes before he needs to sit, he can walk for 15-20 minutes before he needs a break, and he can sit for 30 minutes before he needs to change positions. (AR 60-61). Moreover, the ALJ confined his conclusory finding to the consistency between the daily activities and *the assessed RFC*, as opposed to citing any evidence suggesting that the sporadic activities reported by Plaintiff contradicted his reported symptom claims, particularly as to his ability to stand, sit, and walk, or that the activities were performed in a manner transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Furthermore, in considering Plaintiff's symptom claims, the ALJ must specifically identify the statements he or she finds not to be credible, and the evidence that allegedly undermines those statements. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by the evidence in the record, to support that credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (noting the ALJ did not specifically identify any inconsistencies between the claimant's testimony and the record; rather, "she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination."). Here, the ALJ did not identify the specific testimony that he found not to be credible, nor did he offer explanations for why the cited evidence of Plaintiff's limited daily activities undermines his symptom claims, particularly as to his difficulties sitting, standing, and walking. Thus, the ALJ's finding that Plaintiff's daily activities were inconsistent with his claimed limitations was not a clear and convincing reason, supported by substantial evidence, to discount his symptom claims.

Next, the ALJ generally found as follows:

> The location, duration, and frequency, and intensity of the claimant's pain and other symptoms were also considered. The record documents complaints of pain and that the claimant has sought treatment for his symptoms. However, the frequency and intensity of his symptoms as shown in the evidence do not support the need for greater limitations. Further, the aggravating factors were considered and accommodated in the [RFC]. The claimant is limited

9

> to light work with additional postural and environmental limitations along with limitation to overhead reaching in order to avoid exacerbation of his symptoms.
>
> Lastly, the undersigned considered the medications reported by the claimant and the information in this regard contained in the evidence. The claimant's use of medications does not suggest the presence of an impairment that is more limiting than found in this decision. There is no evidence of any significant side effects of medications.

(AR 30). As argued by Plaintiff and discussed above, the ALJ must specifically identify the statements he or she finds not to be credible, and the evidence that allegedly undermines those statements. (Doc. No. 21 at 13 (citing *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) ("We cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [plaintiff's] pain testimony where, as here, the ALJ never identified which testimony she found not credible, and never explained which evidence contradicted that testimony))); *Holohan*, 246 F.3d at 1208; *Brown-Hunter v. Colvin*, 806 F.3d at 494. Here, the ALJ's conclusory statement that he "considered" several factors for assessing the consistency of Plaintiff's pain and other symptoms with the evidence of record, without identification or explanation as to how the "location, duration, frequency, and intensity of his symptoms" or his "use of medications" undermined Plaintiff's specific symptom claims, was not a clear and convincing reason, supported by substantial evidence, to reject his symptom claims.

The Court concludes that the ALJ did not provide clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claims. On remand, the ALJ must reconsider Plaintiff's symptom claims.

**B. Subsequent Finding of Disability**

Plaintiff additionally argued that the "matter should be remanded for further factual consideration based upon the Agency's finding that Plaintiff is disabled as of February 27, 2020, as that decision constitutes 'new and material' evidence." (Doc. No. 21 at 16-17 (citing *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010)). In light of the need to reconsider Plaintiff symptom claims, as discussed supra, the Court declines to address this challenge in detail here. On remand, the ALJ should reconsider Plaintiff's symptom claims and conduct a new sequential analysis,

including a reassessment of any "new and material evidence," as necessary.

## C. Remedy

Plaintiff contends that the proper remedy in this case is a remand for further administrative proceedings. (Doc. No. 21 at 17); *see Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). The Court agrees. Here, the ALJ improperly considered Plaintiff's symptom claims, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the undersigned recommends remanding this case for further proceedings. On remand, the ALJ should reevaluate Plaintiff's symptom claims. The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 21) be GRANTED.
2. Defendant's Cross Motion for Summary Judgment (Doc. No. 24) be DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSE the Commissioner's decision and REMAND this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
4. The district court direct the Clerk to enter judgment in favor of the Plaintiff, terminate any pending motions/deadlines, and close this case.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge

will review these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:    March 14, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE